# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 2:13-cr-00351-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| QUINCY STEPHENS, ) | |
| Defendant. ) | |

Pending before the Court is Defendant Quincy Stephens's ("Defendant's") Motion for Compassionate Release, (ECF No. 61).  Pursuant to this Court's General Order 2020-06, the Federal Public Defender's Office filed a Notice of Non-Supplementation to the Motion, (ECF No. 62).  The Government filed a Response, (ECF No. 63), and Defendant filed a Reply, (ECF No. 66).  Defendant also filed multiple Supplements to his Motion, (ECF Nos. 67–69, 72–73).

Also pending before the Court is the Government's Motion to Seal, (ECF No. 64), regarding Exhibit 3 to its Response to the Motion for Compassionate Release.  Defendant did not file a response.

For the reasons discussed below, the Court **DENIES** the Motion for Compassionate Release and **GRANTS**[1] the Motion to Seal.

## I.     BACKGROUND

On June 12, 2014, Defendant pleaded guilty to five counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951 and one count of Carrying and Using a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). (Mins. Proceedings, ECF No. 27); (Indictment, ECF No. 1).  On October 2, 2014, the Court sentenced

---

[1] The Court finds good cause to seal Exhibit 3 because it contains Defendant's medical records.

Defendant to 67 months' imprisonment concurrently for each Interference with Commerce by Robbery count, followed by 84 months' imprisonment on the Carrying and Using a Firearm in Relation to a Crime of Violence count, for a total of 151 months' custody. (*See* Mins. Proceedings, ECF No. 37); (J., ECF No. 40).  Defendant is presently in custody at the Terminal Island Federal Correctional Institution ("FCI Terminal Island"). (*See* Gov't's Resp. Mot. Compassionate Release ("MCR") 2:15–17, ECF No. 63).  Defendant now petitions this Court for compassionate release.

## II.     LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A).  The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

//

## III. DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. Accordingly, the Court's analysis considers whether Defendant has presented "extraordinary and compelling reasons" for his release and whether Defendant has demonstrated his release would not present a danger to the public.

### A. Extraordinary and Compelling Reasons

Defendant alleges, and his medical records confirm, that he has already contracted COVID-19. (MCR at 2, ECF No. 61); (Med. Records, Ex. 3 to Gov't's Resp., ECF No. 65). He requests release because he contends that he is at risk of severe complications from COVID-19 as he has asthma and obesity; he will be safer from the risk of reinfection if out of custody; and being out of custody would provide him the opportunity to be with his children before his release date. (MCR at 2–4). The Government responds that Defendant has not demonstrated extraordinary and compelling reasons for his release because he received capable treatment within his facility; the risk of reinfection is low because there are only eight confirmed cases of COVID-19 at FCI Terminal Island; and the speculative possibility that he could become reinfected does not justify his release. (Gov't's Resp. 6:17–7:17).

The Court finds that Defendant has not met his burden to show extraordinary and compelling reasons justify his release. When determining if "extraordinary and compelling reasons" exists for compassionate release in light of the COVID-19 pandemic, courts both within and outside this District have looked to the safety of the defendant's current detention institution compared to release. *See, e.g.*, *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020); *United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *2 (D. Nev. June 3, 2020); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020).

Defendant's current facility, FCI Terminal Island, is not presently experiencing an outbreak of COVID-19 infections. Current records show only one inmate and three staff members are COVID-19 positive. *See* COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited December 1, 2020).[2] Compassionate release thus does not appear necessary to prevent an imminent, likely exposure to Defendant. *Cf. United States v. Walters*, No. 2:16-cr-00011-JAD-PAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying compassionate release and supporting that decision with, among other reasons, a finding that "[a]lthough the COVID-19 pandemic is undeniably grave and its effect on every aspect of American life is unprecedented, its impact at NSDC has been minimal."). In contrast, if released, Defendant would enter the public at the peak of COVID-19's transmission. Accordingly, assuming Defendant could be at risk for severe COVID-19 complications if reinfected, his low risk of exposure to the virus in his facility cautions against his compassionate release. Even if Defendant had presented extraordinary and compelling reasons for his release, the Court finds that Defendant has not met his burden to show he would not be a danger to the public if released.

### B. Danger to the Public

The Government argues that Defendant is a danger to the public given that he has served just over half of his sentence for multiple counts of using a firearm during a crime of violence. (Gov't's Resp. 8:14–14). Defendant contends that he has rehabilitated as indicated by his having stayed out of trouble while incarcerated, serving as a GED tutor to his fellow inmates, and "trying to help make others around me better." (MCR at 3).

---

[2] The Court notes that Defendant contests the accuracy of the data provided on behalf of FCI Terminal Island. (*See* Reply, First Supp., and Fifth Supp., ECF Nos. 66–67, 73).

The Court finds that Defendant has not met his burden to present evidence[3] that he would not be a danger to the public if granted compassionate release. Defendant has served less than seven years of a twelve-year sentence after pleading guilty to multiple instances of using a firearm in aid of a robbery—a very serious, violent crime. *Cf. United States v. Granderson*, No. 3:15-cr-00039-LRH-WGC, 2020 U.S. Dist. LEXIS 212509 2020 WL 6702024, at *2 (D. Nev. Nov. 13, 2020) (denying compassionate release after finding multiple armed felony convictions indicated defendant remained a danger to the community). Although the Court commends Defendant's progress in his rehabilitation and is sympathetic to Defendant's desire to be with his children, the Court finds that Defendant has not met his burden to show he would not be a danger to the public if released.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 61), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal, (ECF No. 64), is **GRANTED**.

Dated this  1  day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] *See United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) ("The government's assertions in its pleadings are not evidence."); *S. Pac. Co. v. Conway*, 115 F.2d 746, 750 (9th Cir. 1940) ("[T]he office of a pleading is to state ultimate facts and not evidence of such facts.").